**UNITED STATES of America,**

v.

**Joseph RUSSO, a/k/a "Jo Jo," Defendant.**

**No. 92 CR 116.**

United States District Court, E.D. New York.

Oct. 9, 1992.

Andrew J. Maloney, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., by George Stamboulidis, Asst. U.S. Atty., for U.S.

DePetris & Meyer, New York City, by Stanley Meyer, for defendant.

## MEMORANDUM AND ORDER

HURLEY, District Judge.

The above-referenced prosecution is before the Court to decide defendant's motion for suppression of a firearm. Defendant allegedly threw the firearm out of the window of his car when it appeared that he was being followed by an unmarked police car. Defendant was arrested for firearm offenses after the detectives pulled him over and recovered the firearm from the street.

The government claims that the police pursued defendant because, *inter alia,* he committed "several traffic violations," a man carrying a gym bag entered his vehicle and then exited a few blocks later, and the police knew defendant was an associate of the Colombo Organized Crime Family. The government further contends that when defendant became aware of their presence, a high-speed chase ensued. Defendant contends there was no such high-speed chase and that his arrest was illegal.

## DISCUSSION

■ The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures." It is well established that the Fourth Amendment is only implicated if a defendant's reasonable expectation of privacy is infringed. *California v. Greenwood,* 486 U.S. 35, 39, 108 S.Ct. 1625, 1628, 100 L.Ed.2d 30 (1988); *O'Connor v. Ortega,* 480 U.S. 709, 715, 107 S.Ct. 1492, 1496, 94 L.Ed.2d 714 (1987); *Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967) (Harlan, J., concurring).

The Fourth Amendment jurisprudence enunciated by the Supreme Court is clear that there is no reasonable expectation of privacy in anything that a person "knowingly exposes to the public," *Katz,* 389 U.S. at 351, 88 S.Ct. at 511, or "voluntarily turns over to third parties." *Smith v. Maryland,* 442 U.S. 735, 743, 99 S.Ct. 2577, 2581, 61 L.Ed.2d 220 (1979) (citations omitted). Furthermore, as the Supreme Court has held, "the police cannot reasonably be expected to avert their eyes from evidence of criminal activity that could have been observed by any member of the public." *Greenwood,* 486 U.S. at 41, 108 S.Ct. at 1629.

■ The case law is also clear that where a defendant tries to dispose of certain incriminating items upon the pursuit of a police officer, he can claim no reasonable expectation of privacy in the disposed of

item as long as the officer's pursuit was lawful. *See United States v. McLaughlin,* 525 F.2d 517, 525 (9th Cir.1975), *cert. denied,* 427 U.S. 904, 96 S.Ct. 3190, 49 L.Ed.2d 1198 (1976). In contrast, if the conduct of the police officers was illegal, and if the defendant's disposal of the item came "at the exploitation of that illegality," and not "by means sufficiently distinguishable to be purged of the primary taint," *see Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 418, 9 L.Ed.2d 441 (1963), the evidence is inadmissible. *See United States v. Webb,* 480 F.Supp. 750, 756 (E.D.N.Y.1979). Courts have consistently held that evidence seized following an illegal arrest is inadmissable where the evidence was discarded by the defendant. *See id.* (citations omitted).

■ Thus, in order to dispose of this motion, the Court must determine: (i) whether defendant threw the firearm out of the car,[1] (ii) the circumstances, including the conduct of the police officers, under which he did so, and (iii) whether the above conduct of the police officers was proper. *See United States v. Embry,* 546 F.2d 552, 557 (3d Cir.1976) (court inquires into propriety of police conduct that induced defendant to "rid himself of aluminum foil package"). This suppression motion having been referred to a magistrate on October 8, 1992, the magistrate will recommend a disposition of the above factual issues.

### CONCLUSION

For the foregoing reasons, the Court's ruling on defendant's motion to suppress is reserved, pending a hearing and recommendation by the magistrate.

SO ORDERED.

---

**1.** A defendant has no Fourth Amendment rights in items that do not belong to him. *See California v. Hodari D.,* —— U.S. ——, ——, 111 S.Ct. 1547, 1558, 113 L.Ed.2d 690 (1991) ("'a 'seizure' occurs when there is some meaningful interference with an individual's possessory interest in that property.'") (citations omitted); *Horton v. California,* 496 U.S. 128, 146–47, 110 S.Ct. 2301, 2313, 110 L.Ed.2d 112 (1990) (Fourth Amendment protects possessory and privacy interests). Therefore, if the Court determines that the defendant did not throw the firearm out of the car and that it did not belong to him, no further inquiry will be necessary.